UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                        :

IMRAN SIDDIQUI,                  :

                        :

              Plaintiff,     :

                        :      No. 18 Civ 12125 (JGK) (RWL)

       - against -        :

                        :

ATHENE HOLDING LTD.,      :

                        :

             Defendant.    :

                        :

-----------------------------------------------------------------x

### DEFENDANT ATHENE HOLDING LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP

Steven M. Pesner, P.C. (spesner@fklaw.com)
Philippe Adler (padler@fklaw.com)
Alexander D. Levi (alevi@fklaw.com)
7 Times Square
New York, NY  10036-6516
(212) 833-1112
*Counsel to Defendant Athene Holding Ltd.*

January 28, 2019

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ....................................................................................4

    I.    Siddiqui's Claims ...........................................................................5

    II.    The Advisory Services Agreement ...............................................5

    III.    Athene's Bermuda Pleadings..........................................................9

    IV.    The Bermuda Ruling ....................................................................11

    V.    Siddiqui's Allegations About the Amended Writ.................................13

    VI.    Siddiqui's Claimed Lack Of Access To the Agreement .......................13

ARGUMENT ........................................................................................14

    I.    Standard Of Review ....................................................................14

    II.    Athene's Claim In the Bermuda Action Is Beyond the Scope Of the ASA ..........18

    III.    This Court Should Accord Comity To the Bermuda Ruling ...............................20

    IV.    The ASA Does Not Displace Siddiqui's Contractual Obligations Under Bye-law 84 ....................................................................22

CONCLUSION........................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accurate Grading Quality Assur., Inc. v. Thorpe,*
  2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013) ........................................................16

*In re Alcon S'holder Litig.,*
  719 F. Supp. 2d 263 (S.D.N.Y. 2010) ..................................................................21

*Alexander v. Bd. of Educ.,*
  648 F. App'x 118 (2d Cir. May 6, 2016) ..............................................................15

*Arpels v. Arpels,*
  8 N.Y.2d 339 (1960) .............................................................................................18

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..............................................................................................15

*Asoma Corp. v. SK Shipping Co., Ltd.,*
  467 F.3d 817 (2d Cir. 2006) ..................................................................................22

*Aviation Fin. Co. Ltd. v. Chaput,*
  2015 WL 13203653 (S.D.N.Y. Mar. 12, 2015) .....................................................22

*Belefant v. Negev Airbase Constructors,*
  1984 WL 278943 (S.D.N.Y. Jan. 13, 1984) .........................................................17

*Biro v. Conde Nast,*
  807 F.3d 541 (2d Cir. 2015) ..................................................................................15

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,*
  369 F.3d 212 (2d Cir. 2004) ..................................................................................16

*Caren v. Collins,*
  696 F. App'x 19 (2d Cir. Aug. 21, 2017) .............................................................15

*Caterpillar, Inc. v. Williams,*
  482 U.S. 386 (1987) ..............................................................................................19

*China Trade & Dev. Corp. v. M.V. Choong Yong,*
  837 F.2d 33 (2d Cir. 1987) ....................................................................................18

*Cortec Industries, Inc. v. Sum Holding L.P.,*
  949 F.2d 42 (2d Cr. 1991) .....................................................................................16

3412552.7

**Page(s)**

*Cunard S.S. Co. Ltd. v. Salen Reefer Services AB*,
  773 F.2d 452 (2d Cir. 1985)..................................................................................21

*Ecoban Fin. Ltd. v. Grupo Acerero Del Norte, S.A. de C.V.*,
  108 F. Supp. 2d 349 (S.D.N.Y. 2000), *aff'd sub nom. Ecoban Fin. Ltd. v.*
  *Altos Hornos de Mexico, S.A. de C.V.*, 2 F. App'x 80 (2d Cir. 2001) ....................21

*In re Elan Corp. Sec. Litig.*,
  543 F. Supp. 2d 187 (S.D.N.Y. 2008)......................................................................16

*Fisher v. Offerman & Co.*,
  1996 WL 563141 (S.D.N.Y. Oct. 2, 1996) ..............................................................23

*Global Network Communs., Inc. v. City of New York*,
  458 F.3d 150 (2d Cir. 2006).....................................................................................17

*Goel v. Bunge, Ltd.*,
  820 F.3d 554 (2d Cir. 2016).....................................................................................16

*Jam. Shipping Co. v. Orient Shipping Rotterdam, B.V.*,
  458 F.3d 92 (2d Cir. 2006).......................................................................................18

*JP Morgan Chase Bank v. Altos Hornos De Mexico, S.A. DE C.V.*,
  2004 WL 42268 (S.D.N.Y. Jan. 8, 2004), *aff'd*, 412 F.3d 418 (2d Cir. 2005).......21

*Kahn v. Oppenheimer & Co.*,
  2009 WL 4333457 (S.D.N.Y. Dec. 1, 2009) ...........................................................23

*Kavowras v. N.Y. Times Co.*,
  328 F.3d 50 (2d Cir. 2003).......................................................................................16

*Koury v. Xcellence, Inc.*,
  649 F. Supp. 2d 127 (S.D.N.Y. 2009)......................................................................21

*Krechmer v. Tantaros*,
  2018 WL 4044048 (2d. Cir. Aug. 24, 2018)............................................................15

*Lichtenstein v. Cader*,
  2013 WL 4774717 (S.D.N.Y. Sept. 6, 2013)...........................................................17

*Mercator Corp. v. Sapinda Holding B.V.*,
  2016 WL 6683505 (S.D.N.Y. Nov. 14, 2016)..........................................................23

*Pani v. Empire Blue Cross Blue Shield,*.
  152 F.3d 67 (2d Cir. 1998).......................................................................................16

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*,
  712 F.3d 705 (2d Cir. 2013).....................................................................................16

3412552.7

**Page(s)**

*Rapoport v. Asia Elecs. Holding Co.*,
    88 F. Supp. 2d 179 (S.D.N.Y. 2000) ...................................................................16

*Rieger v. Drabinsky*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001) .................................................................16

*Staehr v. Hartford Fin. Servs. Group*,
    547 F.3d 406 (2d Cir. 2008) ................................................................................17

*TechnoMarine SA v. Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014) ................................................................................16

**Statutes**

Bermuda Companies Act 1981 ......................................................................3-4, 9-12, 17, 21-22

Labor Management Relations Act, 1947, 29 U.S.C. § 185 ...........................................19

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................1

Fed. R. Civ. P. 44.1 ......................................................................................................1

Fed. R. Evid. 201 ........................................................................................................16

iv

Pursuant to Rule 12(b)(6) and this Court's Order [Dkt # 19], Athene Holding Ltd. ("Athene") submits this brief on its motion to dismiss Imran Siddiqui's ("Siddiqui") First Amended Complaint (the "Amended Complaint" or "Am. Cpl.") [Dkt # 20], with prejudice.  The Amended Complaint seeks to enjoin Athene from pursuing – against Siddiqui and a Bermuda company he formed, Caldera Holdings, Ltd. ("Caldera") – an action filed in May 2018 in Bermuda court, asserting a Bermuda law claim, captioned *Athene Holding Ltd v. Imran Siddiqui, Stephen Cernich and Caldera Holdings Ltd*, Civ. Jur. 2018 No. 149 (the "Bermuda Action").[1]

## **PRELIMINARY STATEMENT**

The Supreme Court of Bermuda (the "Bermuda Court") recently denied Siddiqui's motion to dismiss the Bermuda Action, and questioned his credibility, and found that an exclusive Bermuda forum selection clause applied, in a 56-page ruling following a three-day hearing (the "Bermuda Ruling").  The Bermuda Court rejected Siddiqui's attempt to avoid litigating there.  In the present action, Siddiqui also seeks to avoid the Bermuda Court's review of his compliance with his Bermuda law fiduciary duties as a director of a Bermuda company.  But this Court should dismiss Siddiqui's pleading.  It is premised on his misleading argument that in Bermuda, "Athene is pursuing claims against [him] … based upon the strategic advice and services that he provided to Athene as an employee of Apollo" (Am. Cpl. ¶ 36).

Siddiqui's deception contains three components.  *First*, Siddiqui barely acknowledges "serv[ing] as a director of Athene" (*id.* ¶ 48).  But he was an Athene director from

---

[1] Athene expressly preserves and does not waive its positions that this Court does not have personal jurisdiction over it, and Bermuda is the proper venue for this action.

2009 until March 20, 2017 (Declaration of Philippe Adler (Jan. 28, 2019) ("Adler Dec.") Ex. 1 at 216, 219; Ex. 2).

*Second*, Siddiqui claims "[t]he conduct that forms the basis of Athene's claims in Bermuda, notably … (ii) is conduct that Mr. Siddiqui *actually engaged in as an employee of Apollo*" (Am. Cpl. ¶ 5 (emphasis in original)), meaning Apollo Management Holdings, L.P. ("Apollo").  But Athene's Writ and Amended Writ in Bermuda plainly state a claim that Siddiqui breached his duties owed to Athene under Bermuda law as an Athene director (Adler Dec. Ex. 3 ¶ 7; *id.* Ex. 4 ¶ 8).  Athene's claim is not pled against Siddiqui as an Apollo employee, and there is no reference in Athene's pleadings to Siddiqui's service as an Apollo employee.

*Third*, the contract between Apollo and Athene on which Siddiqui bases this lawsuit, the Advisory Services Agreement (the "ASA"), carves out of its definition of "Services" any services as an Athene director.  It states:  "Services provided by employees of … Apollo in their capacity as directors … of the Companies [defined as Athene and its subsidiaries] shall not be in addition to and not be a part of the Services" (Am. Cpl. Ex. A at 1 & § 1 (emphases added)).  Even if the significance of the definition of "Services" within the "Advisory Services Agreement" was not obvious, and even if the exclusion from this definition of service as an Athene director was not equally obvious, Athene's pre-motion letter explained their importance [Dkt # 6].  Nonetheless, in the Amended Complaint, following the pre-motion conference, Siddiqui did not change his Complaint in this regard.  He quoted part of the definition of "Services", while ignoring this most relevant aspect of it (Am. Cpl. ¶ 21).  This is striking, as the Amended Complaint otherwise contains a detailed review of the ASA.

The claim asserted in Bermuda is beyond the scope of the ASA.  The ASA's forum selection clause, as well as its indemnification clause, third party beneficiary language and

3412552.7

choice of law clause – all of which the Amended Complaint invokes – cannot bar Athene from pursuing its Bermuda law claim against Siddiqui for breaching fiduciary duties owed to Athene as a director, <u>because the ASA specifically excludes service as an Athene director from its scope</u>. The ASA is irrelevant to Athene's claim.

In the Amended Complaint, Siddiqui invents a claim against himself in the Bermuda Action which Athene did <u>not</u> assert – for misconduct as an Apollo employee – hoping this invented claim will allow him to invoke the ASA's protections.  But these protections are inapplicable to the <u>actual</u> claim Athene pled against Siddiqui, for breaching his duties <u>as an Athene director</u>.[2]

The Bermuda Ruling, published by the Bermuda Court on January 15, 2019, confirms that "[a]t the heart" of the Bermuda Action is the claim for breach of duties owed by Siddiqui (and a co-defendant) (Adler Dec. Ex. 5 ¶ 84), which are governed by Bermuda law, including the Bermuda Companies Act 1981 (the "<u>Companies Act</u>") (*id.* Ex. 7).  The Bermuda Ruling further held that the ASA "provides no real assistance" to Siddiqui (*id.* Ex. 5 ¶ 91).  As a

---

[2] Athene has noted [Dkt # 6] one result of Siddiqui's odd strategy:  Siddiqui concedes that while an Athene director, he took <u>no account</u> of his fiduciary duties to Athene, because he considered himself to be acting purely as an Apollo employee, while he only "<u>nominally</u> served as a director of Athene" (Am. Cpl. ¶ 48 (emphasis added)).  In the Amended Complaint, Siddiqui defends the accuracy of his self-characterization as "nominally" discharging his duties as a director of Athene, a large public company (*id.* ¶ 13):  "Mr. Siddiqui simply has alleged <u>facts that reflect the reality</u> of his role at Apollo" (*id.* ¶ 48 (emphasis added))

matter of comity, this Court should bar Siddiqui from relitigating in New York the Bermuda Court's interpretation of a Bermuda pleading and a Bermuda statute.

Moreover, this Court should follow Chief Justice Hargun in finding that the forum selection provision which applies to Athene's claim requires Siddiqui to litigate in Bermuda, not New York. Athene's Bye-law 84 specifies exclusive jurisdiction in the Bermuda Court for disputes over whether an Athene director breached the Companies Act (*id.* Ex. 6 at 70). As noted in the Bermuda Ruling (*id.* Ex. 5 ¶ 89), Athene pled such a breach by Siddiqui (*id.* Ex. 4 ¶ 22), and accordingly Bye-law 84 is "enforceable" against him, particularly given his own invocation of certain Bye-laws on his motion to dismiss (*id.* Ex. 5 ¶ 86).

Thus, assuming *arguendo* that the Bermuda Action was not beyond the scope of the ASA, and the ASA's forum selection clause mandated venue in New York, this clause <u>still</u> would <u>not</u> govern. This clause would conflict with Bye-law 84, and the Bye-laws should prevail. First, the ASA is irrelevant to Athene's dispute with a former director over a breach of Bermuda law duties, while the Bye-laws are focused on such internal affairs. Second, Siddiqui is bound "contractually" to the Bye-laws (*id.*), but concededly he is <u>not</u> party to the ASA (Am. Cpl. ¶ 25).

## STATEMENT OF FACTS

Athene "is a Bermuda exempted company" (*id.* ¶ 13), *i.e.*, it is incorporated and has a registered office in Bermuda.

Athene filed the Bermuda Action nine months ago, on May 3, 2018 (*id.* ¶ 35).

Athene's claim against Siddiqui, who served as an Athene director for eight years (*see supra* p. 1), is for breach of fiduciary duties and/or the duty of confidence owed as a director, under Bermuda law (*see infra* § III).

Athene alleges that Siddiqui and Caldera, another "Bermuda exempted company", which Siddiqui "formed" (Am. Cpl. ¶ 63), committed these breaches by using Athene's

confidential information to compete against Athene in an attempt to acquire Company A (as it is known for confidentiality reasons).

Siddiqui seeks to enjoin Athene's pursuit of the active, nine month-old Bermuda Action, asserting a claim under Bermuda law and concerning the internal affairs of Athene and Siddiqui, a former Athene director – so that the dispute can be heard here.  Stated plainly, Siddiqui is forum-shopping.

## I.    Siddiqui's Claims

In Count I, Siddiqui seeks to enjoin Athene's pursuit of the Bermuda Action against him and Caldera because it supposedly breaches the ASA.  Under the ASA, which is dated as of August 23, 2016 and effective as of January 1, 2015 (*id.* ¶ 68 & Ex. A), Apollo, a shareholder of and advisor to Athene (Am. Cpl. ¶¶ 10, 20), provides "Services" (as defined in the ASA) to Athene.  Siddiqui is purportedly a third party beneficiary of the ASA (*id.* ¶ 25).

In Count II, Siddiqui seeks damages for Athene's pursuit of the Bermuda Action (*id.* ¶ 71).

In Count III, Siddiqui seeks a declaration that Athene's pursuit of the Bermuda Action breaches the ASA (*id.* ¶ 75).

## II.    The Advisory Services Agreement

Siddiqui's approach in the Amended Complaint is to purport to summarize Athene's claim against him in Bermuda (*id.* ¶ 37) and summarily assert that he "engaged in all of these activities as an Apollo employee and a representative of Apollo" (*id.* ¶ 40).  This ignores the terms of the ASA.

The ASA begins by defining the "Services" to be provided by Apollo to Athene which will be covered by the ASA, as follows:

> Services performed by employees of, or consultants to, Apollo in their capacity as directors or employees of the Companies [Athene and its subsidiaries] shall <u>not</u> be in addition to and <u>not</u> be a part of the Services.

(Am. Cpl. Ex. A § 1 (emphases added).)

Thus, the services performed by Apollo employees (like Siddiqui) as Athene directors are carved out of the definition of "Services", and Athene's claim against Siddiqui for breaching his fiduciary duties <u>as an Athene director</u> cannot relate to the "Services" that the ASA governs.

The subject matter of the ASA is limited accordingly; it does <u>not</u> include service as an Athene director.  The "Entire Agreement" clause spells out the subject matter of the ASA:

> This Agreement constitutes the entire understanding of the parties and supersedes all prior agreements and all other arrangements, understandings and communications, whether oral or written, among the parties with respect to the specific subject matter hereof.  There are no representations, agreements, arrangements, or understandings, oral or written, among the parties <u>relating to the Services and the compensation therefor</u> which are not fully expressed in this Agreement.

(*Id.* § 9 (emphasis added).)

The "subject matter" of the ASA is accordingly "the Services and the compensation therefor" (*id.*), meaning <u>not</u> service as an Athene director or <u>anything</u> else. [3]

If anything, the Amended Complaint <u>emphasizes</u> provisions of the ASA that show its subject matter to be limited to the Services.  For example, Siddiqui alleges that he is

---

[3] Siddiqui paraphrases that the forum selection clause of the ASA (Am. Cpl. Ex. A § 8(b)) is applicable to claims "relating to the Advisory Agreement or the subject matter thereof" (Am. Cpl. ¶ 3).  He never acknowledges that "the subject matter hereof" (Am. Cpl. Ex. A § 8(b)) is defined in section 9 as "the Services and the compensation therefor", and <u>nothing else</u>.

indemnified by Athene under the ASA (Am. Cpl. ¶ 1), and is a third party beneficiary of the indemnity (*id.* ¶ 25).  While this Court is not called upon on the present motion to adjudicate Siddiqui's indemnification rights, the reality is that the indemnity language in the ASA is consistent with the limited subject matter of the ASA, as described above in sections 1 and 9. That is, the ASA limits the indemnity rights of Indemnitees (defined to include Apollo employees (Am. Cpl. Ex. A § 4(b)(i))), and also limits the third party beneficiary status of Indemnitees, to losses that are incurred only:

> as a result of, arising out of, or in any way <u>relating to Services</u> provided by Apollo [defined as Apollo and its affiliates who provide services under the ASA] to the Companies [Athene and its subsidiaries] from time to time under this Agreement.

(*Id.* at 1 & § 4(b)(i) (emphasis added).)

Thus, if Athene's claim in Bermuda does <u>not</u> relate to Siddiqui's "Services", as defined in the ASA – and it does <u>not</u> because instead Athene is suing him for breaching duties owed <u>as a director</u> – then Siddiqui enjoys no indemnity under the ASA.

As another example, Siddiqui makes allegations about the inclusion in the ASA of a waiver by Athene of certain claims against him for usurpation of corporate opportunities (Am. Cpl. ¶ 55).  Again, while Siddiqui's rights *vel non* pursuant to this ASA provision are not at issue on the present motion, in fact, the provision he cites (*id.*) – section 5(b) – expressly states:

> Notwithstanding anything to the contrary, in no event shall this <u>Section 5(b)</u> have any effect on any duties, obligations or liabilities of any Indemnitees … <u>as a result of their directorship positions on the board of directors of any of the Companies</u> [Athene and its subsidiaries].

(Am. Cpl. Ex. A § 5(b)(iii)) (emphasis added).)

Thus, nothing about any of Siddiqui's alleged rights under the ASA to pursue corporate opportunities has "any effect" on his "duties" that are "a result of [his] directorship position[]" at Athene (*id.*).  (These are the duties which Athene has sued him for breaching in

7

Bermuda.)  This language reinforces <u>the opposite point</u> to the one Siddiqui makes.  It bolsters

ASA section 1 – which says the ASA addresses "Services", defined to <u>exclude</u> work as an

Athene director – by reiterating that the ASA does <u>not</u> concern "directorship positions".  In other

words, Siddiqui's liability for breaching his directorial duties is not impacted by the ASA.[4]

Moreover, it defies belief that section 5(b) would sanction Siddiqui's usurpation

of corporate opportunities for <u>personal benefit</u> (not Apollo's benefit), as he is alleged to have

done.

---

[4] Similarly, the ASA's hold harmless language has no impact here.  It concerns Athene's claims

against Indemnitees "for any indirect, special, punitive, incidental or consequential damages,

including, without limitation, lost profits or savings, whether or not such damages are

foreseeable" (Am. Cpl. Ex. A § 5(c)).

Siddiqui insists he is immunized from such damages in the Bermuda Action based upon

this language in the ASA (Am. Cpl. ¶¶ 2, 22, 54, 58, 60).  But his reading of this language is

impossible, particularly insofar as this language is found <u>in the sentence immediately following</u>

the ASA's reiteration that it <u>does not protect</u> Indemnitees from liability as a result of their Athene

directorships (Am. Cpl. Ex. A § 5(b)(iii)).  Moreover, the very definition of Indemnitee is tied to

incurring an expense which "relat[es] to Services" (*id.* § 4 (b)(i)), *i.e.*, <u>services rendered other</u>

<u>than as an Athene director</u>.  One cannot plausibly read the hold harmless language as shielding

Siddiqui from the Bermuda Action, which is <u>for breaching duties owed as an Athene director</u>.

This reading would undermine the fundamental limitation on the ASA's scope, as found in its

definition of "Services", that is, this scope <u>excludes</u> "Services performed by employees of …

Apollo in their capacity as directors … of [Athene]" (*id.* § 1).

8

### III.   **Athene's Bermuda Pleadings**

Athene's Writ (*i.e.*, its complaint in the Bermuda Action) made clear that its claim against Siddiqui has nothing to do with his Apollo employment, but only concerns his Athene directorship and his breaches of directorial duties owed to Athene.  The Writ alleged as follows:

> 7.      The First Defendant [Siddiqui] is a former director and former officer[5] of the Plaintiff [Athene].  During the period of his office holding with the Plaintiff, which began in 2009, the First Defendant served, in effect, as the lead director in significant aspects of the Company's [Athene's] business, in particular including overall strategic direction, financial underwriting and identification, pricing and execution of strategic transactions.  The First Defendant's service as a director of the Plaintiff was terminated on or about 20 March 2017.

(Adler Dec. Ex. 3 ¶ 7.)

In the Writ, Athene does not mention Siddiqui's employment at Apollo (or the ASA).  The Writ makes allegations about Siddiqui's breaches of his duties owed <u>as an Athene director</u> (not an Apollo employee), as follows:

> **Fiduciary duties owed by the Officer Defendants [Siddiqui and Cernich (*id.* ¶ 1)] to the Plaintiff**
>
> 21.      During the period in which the Officer Defendants were officers of the Plaintiff (and in certain respects, thereafter), they owed certain fiduciary duties to the Plaintiff.  The fiduciary duties included obligations of loyalty to the Plaintiff, good faith and avoidance of conflicts of duty and self-interest.  Certain of those fiduciary duties endured following the Officer Defendants' termination or resignation, as the case may be, of their respective positions.
>
> 22.      Specifically, the Officer Defendants were bound by these fiduciary duties to abstain from obtaining for themselves, either secretly or without the informed approval of the Plaintiff, any property or business advantage belonging to the Plaintiff or for which it had been negotiating.  This obligation was particularly pronounced in the circumstances where the Officer Defendants were

---

[5] Under section 2(1) of the Companies Act, "'officer' in relation to a body corporate, includes director and secretary" (Adler Dec. Ex. 7).  Hence, the Writ refers to Siddiqui not only as an Athene director but also as an Athene officer.

themselves spearheading the relevant negotiations for the acquisition of Company A (the "Relevant Fiduciary Duties").

    23.    The Relevant Fiduciary Duties did not come to an end upon the Officer Defendants' resignation or termination from their respective offices ….

**Duty of Confidence owed by the Defendants [Siddiqui, Cernich and Caldera] to the Plaintiff**

    24.    During the period in which the Officer Defendants were officers of the Plaintiff, and in all the time which has elapsed thereafter, the Officer Defendants owed a duty of confidence to the Plaintiff in respect of the Confidential Information (the "Duty of Confidence").

(*Id.* ¶¶ 21-24; *see id.* ¶¶ 25-26.)

Athene reiterated these allegations in the Amended Writ (*compare* Adler Dec. Ex. 3 ¶¶ 7, 21-26 *with id.* Ex. 4 ¶¶ 8, 22-27). The Amended Writ also removed any claim based upon breaches of contractual duties (as opposed to breaches of fiduciary duties) (*id.* Ex. 4 ¶¶ 1, 28-29, 31, 33-35, 37-38). Further, the Amended Writ added an allegation about Siddiqui's duties to Athene under the Companies Act:

    22.    During the period in which the Officer Defendants were officers of the Plaintiff (and in certain respects, thereafter), they owed certain fiduciary duties to the Plaintiff, <u>including the statutory duties which define the duty of care of officers of Bermuda companies which are enumerated at section 97 of the Companies Act 1981</u> ….

(*Id.* Ex. 4 ¶ 22 (emphasis added).)

As to such alleged breaches of the Companies Act, Athene Bye-law 84 provides:

**Exclusive Jurisdiction**

In the event that any dispute arises concerning the Act or out of or in connection with these Bye-laws, including any question regarding the existence and scope of any Bye-law and/or whether there has been any breach of the Act or these Bye-laws by an Officer or Director (whether or not such a claim is brought in the name of a Shareholder or in the name of the Company), any such dispute shall be subject to the exclusive jurisdiction of the Supreme Court of Bermuda.

(*Id.* Ex. 6 at 70.)

3412552.7

Athene's Bye-laws define the "Act" as the Companies Act and the "Company" as Athene (*id.* at 1, 3).  Thus, the dispute raised in the Bermuda Action, including whether Siddiqui breached the Companies Act, is subject to the "exclusive jurisdiction" of  the Bermuda Court.

### IV.    <u>The Bermuda Ruling</u>

Siddiqui moved to dismiss the Bermuda Action (Adler Dec. Ex. 5 ¶ 2).  He invoked Athene's Bye-laws and submitted the ASA (*id.* ¶¶ 51-54, 84-86, 91).  Following a hearing on November 26-28, 2018 (*id.* at 1), the Bermuda Court issued the Bermuda Ruling, <u>denying</u> Siddiqui's motion (*id.* ¶ 132).

The Bermuda Court found "there are aspects of Mr Siddiqui's evidence which are clearly in conflict with contemporaneous correspondence" and "[i]t appears that Mr Siddiqui was less than frank in his first affidavit in relation to" the formation of Caldera (*id.* ¶¶ 59-60).

The Bermuda Court held that Siddiqui, as a former Athene director who relied on its Bye-laws, is contractually bound by them, including Bye-law 84, *see supra*, which requires him to litigate Athene's claim <u>in Bermuda</u> (Adler Dec. Ex. 5 ¶¶ 84-95).  <u>Any</u> dispute over whether Siddiqui violated the Companies Act, including by breaching fiduciary duties or other Bermuda law duties, like the duty of confidence – which the Companies Act codifies – <u>must</u> be litigated in Bermuda.  (*id*. ¶ 84(6); *id.* Ex. 7)

The Bermuda Court held that Athene can contractually enforce Bye-law 84 against Siddiqui, given that in his motion, he sought to enforce certain Bye-laws (Adler Dec. Ex. 5 ¶ 86).  The Bermuda Court found "no indication" that Siddiqui accepted his directorship "on the basis of accepting some Bye Laws whilst rejecting others" (*id.*).  Thus, the Bye-laws "constitute contractual terms of the relationship between Athene and Mr Siddiqui", and Bye-law 84 is "enforceable" by Athene against Siddiqui (*id.*).

Further, the Bermuda Court held that "[a]t the heart of the Bermuda action is the breach of duties owed by directors and officers (Mr Siddiqui and Mr Cernich) to a company incorporated in Bermuda pursuant to the [Companies Act]", *i.e.*, Athene (*id.* ¶ 84(1)).  Athene's claim for breach of duty, pled in the Amended Writ, was within the scope of the Companies Act:

> Section 97(1) [of the Companies Act] is wide enough to cover the pleaded claims in this case, namely, the claim for breach of fiduciary duty in diverting a maturing business opportunity belonging to Athene for the personal benefit of Mr Siddiqui and Mr Cernich; the misuse of confidential information belonging to Athene for the personal benefit of Mr Siddiqui and Mr Cernich and their agent and nominee, Caldera; and the additional claim pleaded in the Amended Statement of Claim alleging that Mr Siddiqui and Mr Cernich formed an intention to remove the confidential information from Athene and to incorporate a new corporate vehicle, Caldera.

(*Id.* ¶ 88.)

In further support of this finding, the Bermuda Court noted that Athene pled Siddiqui's violation of the Companies Act (*id.* ¶ 89).  Thus, the exclusive jurisdiction provision of Bye-law 84 is directly applicable to Athene's claim against him.

Next, the Bermuda Court examined the ASA "[i]n relation to the exclusive jurisdiction clause" in the Bye-laws (*id.* ¶ 91).  The Bermuda Court held that the ASA "provides no real assistance for present purposes" (*id.*).  That is, the ASA did not change the result.

The Bermuda Court summarized its holdings as follows:

> On the basis that Bye Law 84 and the exclusive jurisdiction clause is a term of their engagement as officers of Athene, Mr Siddiqui and Mr Cernich are bound to submit to the jurisdiction of Bermuda in relation to disputes which come within the terms of Bye Law 84 unless they can point to exceptional circumstances which could not have been foreseen.

(*Id.* ¶ 90.)

Under Bye-law 84, exclusive jurisdiction over Athene's claim was in Bermuda, unless Siddiqui could show "exceptional circumstances".  He "failed to do so" (*id.* ¶ 95).

## V.      Siddiqui's Allegations About the Amended Writ

Siddiqui focuses upon the following language in Athene's Amended Writ:

as an example of the extent of the involvement of both [Siddiqui and Cernich] in [Athene's] potential acquisition of Company A, on 18 February 2016, [Cernich] delivered a presentation to 22 of the most senior officers and executives of [Athene] and its affiliated shareholder [*i.e.*, Apollo] (including [Siddiqui]) regarding the potential acquisition ….

(*Id.* Ex. 3 ¶ 15, Ex. 4 ¶ 16).

Siddiqui alleges that this means he attended the meeting "*as a representative of Apollo*" (Am. Cpl. ¶ 42 (emphasis in original)).  Siddiqui claims this supports his thesis that Athene sued him in the Bermuda Action as an Apollo employee, and thus the Bermuda Action is within the scope of the ASA, and this Court may rely on the ASA, specifically its forum selection clause, to enjoin Athene from pursuing the Bermuda Action.  But Siddiqui is incorrect. Under Bermuda law, "officers" includes directors, *see supra* n.5, so the reference to "officers" is to Siddiqui's attendance <u>as an Athene director</u>.  This is consistent with the balance of Athene's pleadings about Siddiqui, which entirely concern his wrongdoing <u>as an Athene director</u>.

Even if Siddiqui was right, the reference to "officers" would merely reflect that he was an Athene director <u>and</u> an Apollo employee.  This fact is undisputed, and irrelevant.  Athene is only suing Siddiqui in his <u>former</u> capacity (as an Athene director), but the ASA only applies to him in his <u>latter</u> capacity (as an Apollo employee).  Perhaps there are valid claims against Siddiqui as an Apollo employee, and perhaps they are governed by the ASA, <u>but Athene has not asserted them</u> in Bermuda.

## VI.      Siddiqui's Claimed Lack Of Access To the Agreement

Siddiqui deleted from his Amended Complaint the bogus allegation that "Athene has never provided the [ASA] to Mr. Siddiqui" [Dkt # 1-1 ¶ 26].  This confirms Siddiqui is not

accusing <u>Athene</u> of withholding the ASA, rather, his quarrel is that "<u>Apollo</u> had (i) failed to provide the [ASA] to Mr. Siddiqui" (Am. Cpl. ¶ 27 (emphasis added)).[6]

Siddiqui does not deny that (a) as an Athene director, he signed several Athene SEC filings discussing the ASA (*e.g.*, Adler Dec. Ex. 8 at 264; *id.* at II-4), and (b) since leaving Athene's board, he has not asked Athene for the ASA. Siddiqui now even admits to "a general understanding and knowledge that he and other Apollo employees were well protected by way of contractual indemnities and similar rights, such as those set forth in the [ASA]" (Am. Cpl. ¶ 30). Given the applicable penalties, it is inconceivable that Siddiqui would have executed such SEC filings <u>without</u> knowing about the ASA.

Siddiqui responds that these SEC filings do not discuss the ASA's forum selection clause, and insists it is "implausible to suggest that he would recall, in 2018, all of the terms of every agreement referenced in every public filing" (*id.* ¶ 28). But taking Siddiqui at his word, the ASA was not any random agreement, rather, "<u>all</u> of [his] activities" (*id.* ¶ 40 (emphasis added)) at Athene, from 2009 to 2017, were supposedly undertaken pursuant to the ASA.

## ARGUMENT

### I.   Standard Of Review

On this motion, Athene must presume the truth of certain allegations in the pleading. But that is not a free pass for Siddiqui. A "pleading that offers 'labels and

---

[6] The Amended Complaint <u>still</u> asserts that "Athene commenced the Bermuda Action against Mr. Siddiqui without making reference to the [ASA] or calling it to the attention of the Bermuda Court" (Am. Cpl. ¶ 27). This is offensive. The ASA is <u>irrelevant</u> to the Bermuda Action.

14

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'".  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Furthermore:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* (citations omitted).

Both parts of *Ashcroft*'s test – the skepticism about conclusory pleadings (in particular as to "legal conclusions" (*id.*)) and the need for plausibility – are pertinent here.  With regard to the latter, plaintiff must allege "more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief"'".  *Id.* (citations omitted).

The Amended Complaint meets neither prong.  As to being conclusory, the pleading may "check the boxes" for the elements of each claim, but Siddiqui does not explain how Athene breached a contract that <u>excludes service as an Athene director</u> from its scope by suing him for breach of his duties <u>as a director</u>.  As to "plausibility", it is implausible that Siddiqui was (a) not an Athene director for eight years, (b) not sued in the Bermuda Action purely as an Athene director and (c) not expressly excluded from the ASA's protections in respect of his service as an Athene director.[7]

---

[7] *See Krechmer v. Tantaros*, 2018 WL 4044048, at *2 (2d. Cir. Aug. 24, 2018); *Caren v. Collins*, 696 F. App'x 19, at *20-*22 (2d Cir. Aug. 21, 2017); *Alexander v. Bd. of Educ.*, 648 F. App'x 118, 120-21 (2d Cir. May 6, 2016); *Biro v. Conde Nast*, 807 F.3d 541, 544-46 (2d Cir. 2015);

Moreover, despite the liberal construction to which the Amended Complaint is entitled, this Court can and should grant the motion when the very words of the ASA contradict his allegations by showing that service as an Athene director is carved out from the scope of the contract.  *See Accurate Grading Quality Assur., Inc. v. Thorpe*, 2013 WL 1234836, at \*8, \*10 (S.D.N.Y. Mar. 26, 2013) (courts not "constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice" (citation omitted)); *In re Elan Corp. Sec. Litig.*, 543 F. Supp. 2d 187, 206 (S.D.N.Y. 2008); *Rieger v. Drabinsky*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001); *Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000).[8]

_____

*TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 717-18 (2d Cir. 2013) (no plausibility).

[8] This Court may consider the ASA on this motion.  It is attached to the pleading, incorporated therein by reference, and integral to the pleading.  *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016); *Pani v. Empire Blue Cross Blue Shield*,.152 F.3d 67, 71, 75 (2d Cir. 1998).

This Court may consider Athene's public disclosure documents – its 8-K and its 10-K (Adler Dec. Exs. 1-2) – which were legally required SEC filings, as a matter of judicial notice under Federal Rule of Evidence 201.  *See Kavowras v. N.Y. Times Co.*, 328 F.3d 50,57 (2d Cir. 2003); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cr. 1991).

Moreover, these documents are public records.  *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).  This is true of the Bermuda Ruling too (Adler Dec. Ex. 5), which not only is discussed in the pleading (Am.

This Court should cast a critical eye on the Amended Complaint because Siddiqui seeks a foreign anti-suit injunction – an order intruding on the judicial processes of a sovereign nation (ongoing for nine months) by requiring Athene to desist from pursuing the Bermuda Action.  This Court should give:

> due regard to principles of international comity, because such an order effectively restricts the jurisdiction of the court of a foreign sovereign.  Therefore, an anti-

---

Cpl. ¶¶ 52, 64), but is available on an official Bermuda government website (Adler Dec. ¶ 6).  *See Lichtenstein v. Cader*, 2013 WL 4774717, at *2 (S.D.N.Y. Sept. 6, 2013) (foreign judgments subject to judicial notice).  Also in the public records category are the Bye-laws, an Athene corporate governance document that is available on the company's website (Adler Dec. ¶ 7 & Ex. 6), and the Companies Act (*id.* Ex. 7).  Both of these documents are cited in the Bermuda Ruling (*id.* Ex. 5 ¶¶ 6, 32, 47, 51-54, 84-88, 90-92, 122, 127).  *See Belefant v. Negev Airbase Constructors*, 1984 WL 278943, at *12 (S.D.N.Y. Jan. 13, 1984) (court may "consider any relevant material" in determining foreign law); Fed. R. Civ. P. 44.1.

This Court may take judicial notice of the Writ and the Amended Writ (Adler Dec. Exs. 3-4) because they were filed in the Bermuda Action, though not for the truth of the matters asserted therein, only to establish the fact of the Bermuda Action and the content of these filings.  *See Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

This Court may take judicial notice of the Athene prospectus discussing the ASA (Adler Dec. Ex. 8), again without regard to the truth of its content, but to establish the fact that it was filed and its content, because it is an SEC filing.  *See Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 425 (2d Cir. 2008).  It is also referenced in Siddiqui's pleading (Am. Cpl. ¶¶ 28-29).

foreign-suit injunction should be "used sparingly", and should be granted "only with care and great restraint".

*See China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35 (2d Cir. 1987) (citations omitted).  *See id.* at 36; *Arpels v. Arpels*, 8 N.Y.2d 339, 341 (1960) (same).[9]

## II.     Athene's Claim In the Bermuda Action Is Beyond the Scope Of the ASA

The thesis of the Amended Complaint, that all of Siddiqui's service for Athene was as an Apollo employee, and so the ASA's forum selection clause requires litigation in New York, cannot be squared with the ASA.  Section 1 delineates between "Services" covered by the ASA and those outside its scope – the latter includes the services of Apollo employees (like Siddiqui) "in their capacity as directors … of the Companies [Athene and its subsidiaries]", which "shall not be in addition to and not be a part of the Services" (Am. Cpl. Ex. A § 1 (emphases added)) – while section 9 limits the subject matter of the ASA to "the Services and the compensation therefor" (*id.* § 9).[10]  The forum selection clause, which covers claims "relating to the subject matter hereof" (*id.* § 8(b)), accordingly only reaches claims about the Services – by definition, this excludes claims about service as an Athene director.

---

[9] On this motion, this Court need not address whether the core relief Siddiqui seeks, an anti-suit injunction, is appropriate, because Siddiqui cannot plead that the ASA applies.  Were this case to proceed, and were Siddiqui to seek this relief on a preliminary injunction basis, he would not come close to satisfying the requirements for it.  *E.g., Jam. Shipping Co. v. Orient Shipping Rotterdam, B.V.*, 458 F.3d 92, 98 (2d Cir. 2006).

[10] The ASA's provisions regarding indemnification and corporate opportunities bolster sections 1 and 9 (*see supra* p. 6).

18

There can be no question then that Siddiqui is liable to Athene for his wrongful conduct as an Athene director.  The ASA excludes from its scope the services Apollo employees provide as Athene directors.  Siddiqui was an Athene director.  And Athene's Bermuda claim is solely against Siddiqui in that directorial capacity; Athene made no claim over his employment at Apollo or the ASA.  This should end the analysis.  Even if, hypothetically, Siddiqui also came into possession of the Athene confidential information that is at issue as an Apollo employee, Athene's claim would stand because his alleged misuse of it while he was an Athene director would violate his directorial duties to Athene.

In the Bermuda Action, Siddiqui may wish to defend against Athene's claim for breach of his duties as an Athene director by explaining that he breached no duty to Athene as its director, because instead he spent eight years working for Athene solely in the capacity of an Apollo employee, and never took action in his capacity as an Athene director.  (The implications of such a defense for Siddiqui's compliance with his fiduciary obligations as a director would be astonishing.)  But this is purely a defense for Siddiqui to assert in Bermuda.  This Court should not allow Siddiqui to proceed here on the counterfactual pretense that he was not an Athene director, or at least he undertook <u>no duties</u> in his capacity as an Athene director, and on this basis dislodge a nine month-old active Bermuda litigation about an internal dispute between a Bermuda company (Athene) and its former director (Siddiqui) over his breach of Bermuda law fiduciary duties owed to Athene.[11]

---

[11] *Cf. Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) ("the presence of a federal question, even a § 301 [of the Labor Management Relations Act, 1947, 29 U.S.C. § 185] question, in a defensive argument does not overcome the paramount policies embodied in the

Any defense by Siddiqui based upon his supposedly having never acted in the capacity of an Athene director during all the years he held the position can and should be asserted by Siddiqui in the Bermuda Action.  If his only relevant actions were as an Apollo employee, then the Bermuda Court will dismiss the claim against him, which is asserted only in his capacity as an Athene director.  This Court should not allow Siddiqui to turn this defense into a pretext to invoke the ASA, pursue the present action, and try to enjoin the Bermuda Action on the basis of the ASA's forum selection clause.  This would be particularly inappropriate given that the conduct in question in the Bermuda Action is <u>explicitly excluded</u> from the scope of the ASA.

III.   **This Court Should Accord Comity To the Bermuda Ruling**

Comity is "'the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international

---

well-pleaded complaint rule – that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.  When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option.  But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.  If a defendant could do so, the plaintiff would be master of nothing.  Congress has long since decided that federal defenses do not provide a basis for removal" (citations omitted; emphases in original)).

duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws'". *Cunard S.S. Co. Ltd. v. Salen Reefer Services AB*, 773 F.2d 452, 456 (2d Cir. 1985).

The Bermuda Ruling held that "there is a serious issue to be decided between Athene and Mr Siddiqui and Mr Cernich in the sense that Athene has a realistic prospect of success in relation to the pleaded claims" (Adler Dec. Ex. 5 ¶ 69). The Bermuda Court decided that: Athene could enforce Bye-law 84 against Siddiqui; the "heart" of Athene's claim was for breach of fiduciary duties under Bermuda law (not breach of the ASA); Athene's claim is covered by the Companies Act; the ASA "provides no real assistance" to Siddiqui; and Bye-law 84 requires Siddiqui to submit to the Bermuda Court to adjudicate Athene's claim. *See supra* p. 11.

These are core issues relating to Athene's internal affairs and arising under Bermuda statutory and common law, in all of which Bermuda – Athene's place of incorporation – has a far superior interest to New York. *In re Alcon S'holder Litig.*, 719 F. Supp. 2d 263, 278 (S.D.N.Y. 2010); *Koury v. Xcellence, Inc.*, 649 F. Supp. 2d 127, 135 (S.D.N.Y. 2009). On this basis alone, this Court should defer to the Bermuda Court, and dismiss the Amended Complaint.[12]

---

[12] The ASA's forum selection clause, even if applicable, would <u>not</u> prevent this Court from considering comity. *JP Morgan Chase Bank v. Altos Hornos De Mexico, S.A. DE C.V.*, 2004 WL 42268, at *7 (S.D.N.Y. Jan. 8, 2004), *aff'd*, 412 F.3d 418 (2d Cir. 2005); *Ecoban Fin. Ltd. v. Grupo Acerero Del Norte, S.A. de C.V.*, 108 F. Supp. 2d 349, 354 (S.D.N.Y. 2000), *aff'd sub nom. Ecoban Fin. Ltd. v. Altos Hornos de Mexico, S.A. de C.V.*, 2 F. App'x 80 (2d Cir. 2001).

**IV.**   **The ASA Does Not Displace Siddiqui's Contractual Obligations Under Bye-law 84**

As the Bermuda Ruling held, Athene's claim against Siddiqui focuses on his violation of Bermuda law duties as an Athene director, and is entirely within the scope of the Companies Act.  *See supra* p. 11.  The ASA bears <u>no relationship</u> to Athene's claim; the claim concerns Siddiqui's work and duties as an Athene director, which are beyond the scope of "Services" as defined in the ASA.  At minimum, Athene's claim for breach of the Companies Act is far more closely related to Bye-Law 84 (the Bermuda forum selection clause for Companies Act claims) than to the ASA.  Thus, Athene's claim should be governed by the Bye-laws.  *See Aviation Fin. Co. Ltd. v. Chaput*, 2015 WL 13203653, at *27 (S.D.N.Y. Mar. 12, 2015) (harmonizing contracts with conflicting venue provisions; claims related to subject that is central to one contract are governed by its forum clause even if they "also implicate issues that arise under" the other contract).

The ASA surely does <u>not</u> override Bye-law 84.  "Where, as here, the two sides have put forth different contracts, each containing a forum selection clause designating a different forum, and the parties do not dispute the facts which gave rise to those two conflicting contracts, the court must decide as a matter of law on the agreed facts which forum selection clause governs."  *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 822 (2d Cir. 2006).  As the Bermuda Court held, Siddiqui has a contractual obligation to honor Bye-law 84.  By contrast, Siddiqui is not even a party to the ASA.  The ASA thus does not obviate the contractual duties he agreed to directly with Athene, such as litigating Companies Act claims exclusively in Bermuda.

## CONCLUSION

Athene respectfully asks this Court to dismiss the Amended Complaint with prejudice,[13] and grant it such other, further and different relief as to this Court appears just and proper.

Dated:  New York, New York
        January 28, 2019

FRIEDMAN KAPLAN SEILER
  & ADELMAN LLP


/s/ Steven M. Pesner_____
Steven M. Pesner, P.C. (spesner@fklaw.com)
Philippe Adler (padler@fklaw.com)
Alexander D. Levi (alevi@fklaw.com)
7 Times Square
New York, NY 10036
(tel) 212-833-1112

*Counsel to Defendant Athene Holding Ltd.*

---

[13] *See Mercator Corp. v. Sapinda Holding B.V.*, 2016 WL 6683505, at *6-*7 (S.D.N.Y. Nov. 14, 2016); *Kahn v. Oppenheimer & Co.*, 2009 WL 4333457, at *4 (S.D.N.Y. Dec. 1, 2009); *Fisher v. Offerman & Co.*, 1996 WL 563141, at *9 (S.D.N.Y. Oct. 2, 1996).

3412552.7

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 2(D) of this Court's Individual Practices, defendant Athene

Holding Ltd. hereby certifies as follows:

1.      The total number of words in this brief, inclusive of point headings and

footnotes and exclusive of the signature block, and of the pages containing the cover, the table of

contents, the table of authorities, and this certificate of compliance is 6,995 words.

2.      This brief conforms with the formatting rules set forth in this Court's

Individual Practices.

Dated: New York, New York
       January 28, 2019

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP

/s/ Steven M. Pesner
Steven M. Pesner, P.C. (spesner@fklaw.com)
Philippe Adler (padler@fklaw.com)
Alexander D. Levi (alevi@fklaw.com)
7 Times Square
New York, New York  10036-6516
(212) 833-1112

*Counsel to Defendant Athene Holding Ltd.*