UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6-26-19

IMRAN SIDDIQUI,

       Plaintiff,

  - against -

ATHENE HOLDING LTD.,

       Defendant.

18-cv-12125 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

  The plaintiff, Imran Siddiqui, is a former director of the defendant, Athene Holding Ltd., and a former partner at Apollo Management Holdings, L.P. He seeks an order enjoining and declaring invalid a pending suit the defendant has brought against him in Bermuda.[1] The plaintiff claims that the Bermuda suit must be adjudicated by a New York court pursuant to the forum selection clause contained in a contract between Apollo and Athene, to which the plaintiff is an alleged beneficiary.

  The defendant moves to dismiss the plaintiff's suit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The defendant argues that the contract's forum selection clause does not apply to the plaintiff and that the defendant's suit against the plaintiff

---

[1] Alternatively, the plaintiff seeks damages on the theory that the defendant's Bermuda action constitutes a breach of contract.

was filed properly in Bermuda. The defendant's motion is **granted**.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6),
2

the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

## II.

Apollo is a private equity and investment management firm headquartered in New York. First Am. Compl. ("FAC") ¶ 8. Apollo founded the defendant company, Athene, in 2009 as "an alternative investment vehicle." Id. ¶ 9. Athene was incorporated in Bermuda pursuant to the Bermuda Companies Act of 1981. Adler Decl. Ex. 5 ¶ 84(1). Apollo appoints six members to Athene's fifteen-member board of directors. FAC ¶ 10.

The plaintiff was employed at Apollo between 2008 and March 2017, where he worked as part of a team that advised Athene in connection with Athene's business. Id. ¶ 18. In this capacity, the plaintiff gave Athene strategic advice concerning potential business acquisitions. Id. The plaintiff also served as a director of Athene between 2009 and March 2017. Adler Decl. Ex. 1 at 219, Ex. 2; see FAC ¶ 48.

On August 23, 2016, Apollo and Athene entered into an Advisory Services Agreement (the "ASA"), which was made effective retroactively to January 1, 2015. FAC Ex. 1 ("ASA").

The ASA governed the rights and compensation of employees who Apollo made available to Athene for various "services." Id. §§ 1, 9. The ASA defined "services" to exclude any work that an Apollo employee might perform for Athene in the employee's capacity as a director of Athene. Id. § 1.

In early 2018, Apollo filed an arbitration against the plaintiff claiming that he was breaching certain restrictive covenants and other obligations owed to the company by pursuing the acquisition of insurance company assets (the "Target"). FAC ¶ 32. The plaintiff did not deny pursuing the Target but contended that no duty to Apollo prevented him from doing so. Id. Apollo withdrew the arbitration and resolved the matter with the plaintiff but then, on May 3, 2018, Apollo filed another arbitration in New York against the plaintiff based on similar conduct. Id. ¶¶ 33-35. The arbitrator in that proceeding issued a final decision on April 26, 2019. Dkt. No. 33 Ex. A. Among other things, the decision granted some of Apollo's claims against the plaintiff relating to breach of contract and aiding and abetting breach of fiduciary duty, denied other claims, and awarded Apollo compensatory and punitive damages against the plaintiff. Id. at 21-22. An unopposed petition to confirm the arbitrator's award is currently pending in New York State court.

On May 3, 2018 – the same day that Apollo filed its second arbitration against the plaintiff – Athene brought suit against

4

the plaintiff in the Supreme Court of Bermuda. Id. ¶ 35. Athene alleged that the plaintiff was significantly involved in preparing and managing Athene's plans for acquiring the Target and that the plaintiff's own pursuit of the Target – carried out through a company named Caldera that the plaintiff created[2] – violated his duty to Athene. See id. ¶¶ 35, 37, 63-64. Athene also claimed that the suit was brought properly in the Supreme Court of Bermuda because the plaintiff's alleged violation breached a duty set out in Athene's bylaws, and the forum selection clause in the bylaws directs that "any such dispute shall be subject to the exclusive jurisdiction of the Supreme Court of Bermuda." See Adler Decl. Ex. 5 ¶ 84, Ex. 6 § 84.

In a decision dated January 14, 2018, the Supreme Court of Bermuda held that Bermuda was a more appropriate forum for the action than New York and that Athene's bylaws in fact required the action to be litigated in Bermuda. See Adler Decl. Ex. 5 ¶ 95. In reaching this conclusion, the court considered the plaintiff's alleged breach of a fiduciary duty owed to Athene as an Athene director, and distinguished Athene's action from the New York arbitration Apollo filed against the plaintiff in his capacity as an Apollo employee. See id. ¶¶ 88, 93.

---

[2] Caldera is a Bermuda company and is also a defendant in Athene's Bermuda action. See Adler Decl. Ex. 6.

5

In this case, the plaintiff seeks in effect to overturn the Bermuda court's decision due to a forum selection clause in the ASA stating that a party to the ASA:

> agrees not to commence any claim or action arising out of or based upon this Agreement or relating to the subject matter hereof other than before [the state and federal courts in the State of New York, County of New York,] nor to make any motion or take any other action seeking or intending to cause the transfer or removal of any such claim or action to any court other than the above-named courts whether on the grounds of inconvenient forum or otherwise . . . .

ASA ¶ 8(b)(iii). The defendant argues that the ASA, including its forum selection clause, applies to individuals acting as Apollo employees, not as directors of Athene, and that the Bermuda action relates to actions the plaintiff took as an Athene director. Therefore, the defendant contends, the ASA is inapplicable, and the plaintiff was sued properly in Bermuda in accordance with the Athene bylaws. The plaintiff argues that the ASA's forum selection clause applies to Athene directors and, in any event, the defendant's Bermuda action is against him in his capacity as an Apollo employee. The plaintiff's arguments are not persuasive.

### III.

#### A.

The ASA's forum selection clause does not apply to Apollo employees acting in their capacities as Athene directors. The ASA is a contract for the provision of services by Apollo

6

employees for the benefit of Athene. See ASA Preamble ("Apollo is willing to provide certain services to the Companies without charge in the manner, and subject to the terms and conditions, described herein."). The "services" that are the subject of the contract include "certain management, consulting, financial and other advisory services." Id. § 1. But the ASA provides expressly that "[s]ervices performed by employees of, or consultants to, Apollo in their capacity as directors or employees of [Athene] shall not be in addition to and not be a part of the Services." Id.

The proposition that the ASA does not govern Apollo employees acting in their roles as Athene directors is consistent with the ASA's merger clause, which states:

> This Agreement constitutes the entire understanding of the parties and supersedes all prior agreements and all other arrangements, understandings and communications, whether oral or written, among the parties with respect to the specific subject matter hereof. There are no representations, agreements, arrangements, or understandings, oral or written, among the parties relating to the Services and the compensation therefor which are not fully expressed in this Agreement.

Id. § 9 (emphasis added). The merger clause confirms that the "subject matter" of the ASA is compensation for "services," which is defined to exclude actions taken by individuals acting as Athene directors.

The plaintiff claims that limiting the ASA's scope to its definition of "services," thereby excluding the activities of

7

Athene directors, would render § 5(b)(iii) of the ASA superfluous. That provision states that nothing in the ASA's section providing certain individuals "freedom to pursue opportunities" will have "any effect on any duties, obligations or liabilities of [those individuals] . . . as a result of their directorship positions on the board of directors of [Athene]." Id. § 5(b)(iii). According to the plaintiff, if the ASA applied only to the actions of Apollo employees, this provision would be unnecessary because it would be implied that the freedom the ASA provides to pursue opportunities does not apply to Athene directors, who are not subject to the ASA. But rather than being superfluous, § 5(b)(iii) recognizes that an Apollo employee might also be an Athene director and owe certain duties to Athene. The provision thus states that the freedom the ASA grants to Apollo employees to pursue opportunities does not abrogate duties they might owe in another capacity; it provides a limit to the scope of the freedom the ASA accords.

Although the ASA's forum selection clause does not mention the term "services" explicitly, it states that it applies to claims "arising out of or based upon this Agreement or relating to the subject matter" of the ASA. ASA § 8(b)(iii). This indicates that the forum selection clause applies only to acts taken by Apollo employees as Apollo employees, not to their activities as Athene directors. Therefore, the forum selection

8

clause providing for exclusive jurisdiction in New York does not apply to suits against Athene directors for activities as directors of Athene. Rather, at least to the extent such activities are within the ambit of Athene's expansive bylaws, they are subject to suit only in the Bermuda Supreme Court, in accordance with the bylaws' forum selection clause. See Adler Decl. Ex. 6 § 84.

**B.**

The plaintiff argues that Athene's Bermuda action was brought against him in his capacity as an Apollo employee, not as an Athene director. Therefore, he claims that the ASA's forum selection clause applies to the Bermuda suit and that the suit must be enjoined and refiled in a court in New York County.

To support this argument, the plaintiff contends that Apollo brought its second arbitration against him on the same day that Athene brought its Bermuda action, and that the two suits were based upon the same facts, indicating that the Bermuda action is actually brought against him as an Apollo employee. In further support, the plaintiff points out that in pleading its cause of action in Bermuda, the defendant cited the plaintiff's presence at a February 2016 Apollo board meeting as one way in which the plaintiff learned about Athene's potential acquisition of the Target.

9

However, the defendant's pleading in the Bermuda action about the February 2016 meeting states that "22 of the most senior officers and executives of [Athene] and [Apollo] (including [Imran Siddiqui])" were present at the meeting for a presentation about the Target. Adler Decl. Ex. 4 ¶ 16. Nothing in this pleading suggests that the plaintiff was present solely as an Apollo representative. Indeed, the next paragraph in the defendant's Bermuda pleading states that the plaintiff obtained confidential information about the target in his role as an "officer[]" of Athene. Id. ¶ 17. And in any event, a single mention of the plaintiff's acting as an Apollo employee would not transform the defendant's Bermuda action, which the Supreme Court of Bermuda characterized as a suit against the plaintiff as an Athene director, into a suit against the plaintiff as an Apollo employee. Finally, there is nothing inconsistent about the fact that Apollo has brought an arbitration against the plaintiff in New York and Athene has sued him in Bermuda. It is possible that the plaintiff breached duties owed to both companies, and nothing precludes Athene from suing the plaintiff in Bermuda, as the Supreme Court of Bermuda has found.

In short, the plaintiff has failed to state a claim that the defendant has sued him improperly in Bermuda. The plaintiff has not pleaded sufficient facts showing that, contrary to the decision of the Supreme Court of Bermuda, the defendant's

10

Bermuda action is filed against him as an Apollo employee rather than as an Athene director. And contrary to the plaintiff's interpretation, the ASA's forum selection clause, which provides courts in New York County with exclusive jurisdiction over certain suits, does not apply to suits against individuals acting as Athene directors.

## CONCLUSION

For the reasons explained above, the defendant's motion to dismiss is **granted**. The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Clerk is directed to enter judgment dismissing the plaintiff's complaint **with prejudice**. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:**  New York, New York
June 26, 2019

_/s/ John G. Koeltl_
**John G. Koeltl
United States District Judge**